# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| **JULIO FLORES AND**<br>**GLORIA PENA**<br>    **Plaintiffs,**<br>**v.**<br><br>**RELOAD TRANSPORT, INC. AND**<br>**DANILO CAVIC**<br>    **Defendants.** | **CIVIL ACTION NO. 5:23-CV-10**<br><br>**JURY** |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, Julio Flores and Gloria Pena file Plaintiffs' First Amended Complaint against Defendants Reload Transport, Inc. and Danilo Cavic and for cause of action will show as follows:

## PARTIES

**1.**   Plaintiff, Julio Flores, is an individual citizen of the State of Texas.

**2.**   Plaintiff, Gloria Pena, is an individual citizen of the State of Texas.

**3.**   Defendant Reload Transport, Inc. is a foreign corporation organized under the laws of the State of Illinois.

**4.**   Plaintiffs contend that Defendant Reload has answered and is properly before this Court for all purposes.

**5.**   Defendant Danilo Cavic is an individual who is a resident of and domiciled in the State of Florida.

**6.**   Plaintiffs contend that Defendant Cavic has answered and is properly before this Court for all purposes.

## JURISDICTION

7. This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332(a) because the amount in controversy exceeds $75,000 and the case is between citizens of different states.

## VENUE

8. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

9. This case arises out of a May 21, 2022 incident that occurred in Webb County, Texas.

10. Venue is proper in this division because the state-court action was pending in the 49th District Court, Webb County, Texas. 28 U.S.C. § 1446(a).

## CONDITIONS PRECEDENT

11. All conditions precedent have been performed or have occurred.

## FACTS

12. Defendant Reload is a motor carrier operating in interstate commerce under the following USDOT number: 3381327.

13. Defendant Reload is an authorized for hire motor carrier that transports general freight in interstate commerce under the following MC number: 1085312.

14. At all times relevant, Defendant Cavic was an agent, servant, employee, and/or a statutory employee of Defendant Reload.

15. At all times relevant, Defendant Cavic was acting within the scope of authority and for the benefit of Defendant Reload.

16. At all times relevant, Defendant Reload engaged in business in Texas, committed a tort, which is the subject of this suit, in whole or in part in Texas, and operated a commercial motor vehicle in Texas that was involved in this collision.

17. Both Defendants regularly and purposefully operated commercial motor vehicles in and through Texas.

18. On or about May 21, 2022, Defendant Reload operated a 2015 Volvo tractor with VIN number 4V4NC9EHXFN921304.

19. Around 2:43pm on May 21, 2022, Defendant Cavic was driving the subject tractor in Laredo, Texas near the 107 block of Ross Khaledi Rd and the 10200 block of IH 35 Frontage Rd.

20. The Reload tractor was pulling a trailer owned by PAM International.

21. Defendant Cavic crashed the Reload tractor and/or trailer into a guard shack at a warehouse business parking lot.

22. Plaintiffs were inside the guard shack at the time the Reload tractor and/or trailer crashed into it.

23. According to the Texas Peace Officer's Crash Report, Defendant Cavic failed to drive in a single lane.

24. The manner in which the collision occurred is consistent with fatigue, violations of the hours-of-service regulations, distracted driving, unsafe driving, and lack of training.

25. As a result of the collision, Plaintiffs have suffered severe injuries.

26. The transportation of goods in interstate commerce in commercial motor vehicles presents substantial dangers to the public when not done safely, properly, and with due caution.

27. There are a number of federal regulations, state statutes, industry standards, and local ordinances that govern the qualification, training, and retention of professional tractor-trailer drivers, and the safe operation of commercial motor vehicles.

28. Defendant Reload received its authority to operate as a motor carrier in the United States on January 31, 2020.

29. Before receiving authority to operate 80,000-pound commercial motor vehicles on public highways, Defendant Reload first had to make certain certifications.

30. In applying for and maintaining operating authority as a motor carrier, Defendant Reload certified to the USDOT that it is willing and able to provide the proposed operations or service and to comply with all pertinent statutory and regulatory requirements and regulations issued or administered by the U.S. Department of Transportation, including operational regulations, safety fitness requirements, motor vehicle safety standards, minimum financial responsibility, and designation of process agent requirements.

31. Upon information and belief, Defendant Reload violated its certifications as stated and verified in its application for operating authority.

32. Defendant Reload knew or should have known, in light of the surrounding circumstances, that if it violated these certifications and failed to implement the

safety management systems necessary to ensure compliance with the FMCSR (including training, policies, and procedures) there would naturally and probably be preventable crashes resulting in injuries and damages.

33. At the time of the collision, Defendant Reload operated approximately 26 power units and 26 drivers in the United States under its USDOT number.

34. Between December 30, 2020 and December 30, 2022, Defendant Reload was convicted of 49 violations of the Federal Motor Carrier Safety Regulations, including:

    34.1. 17 violations of unsafe driving (including but not limited to speeding, texting while driving, using cell phone while driving, lane restriction violation, following too close, and failure to obey traffic control device);

    34.2. 10 hours of service violations (including but not limited to failing to add file comment per safety officer's request, and failing to maintain record of duty status); and

    34.3. 2 driver fitness violations (including but not limited to operative a commercial motor vehicle without a commercial driver's license);

    34.4. 20 vehicle maintenance violations (including but limited to brakes, tires, and lighting).

35. In 2018, Defendant Cavic received a traffic citation in Colorado for speeding 11 miles over the speed limit in a non-commercial motor vehicle.

36. In 2020, Defendant Cavic received a traffic citation in New Mexico for operating a commercial motor vehicle without equipment required by law.

37. In 2021, Defendant Cavic received a citation in California for speeding in a commercial motor vehicle.

38. Defendant Reload failed to promote and enforce systems and procedures for the safe operation of its commercial motor vehicles and thus, created a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the public, including Plaintiffs.

39. Defendants were all jointly responsible for the safe operation of the Reload tractor at issue.

## COUNT 1 – CAVIC'S NEGLIGENCE

40. Plaintiffs incorporate ¶¶12-39 as though fully set out herein.

41. At all times relevant, Defendant Cavic was negligent in his operation of the tractor-trailer, and this negligence caused Plaintiffs' injuries and damages.

42. At all times relevant, Defendant Cavic owed Plaintiffs and the public at large duties of care to operate the commercial motor vehicle in a reasonably safe manner and to know of and abide by all laws and industry standards governing the safe operation of commercial motor vehicles.

43. Upon information and belief, Defendant Cavic breached these duties in one or more of, but not limited to, the following ways:

   43.1. Failing to keep a proper lookout;

   43.2. Driving while distracted;

   43.3. Driving while fatigued;

   43.4. Failing to maintain control of the commercial motor vehicle;

**43.5.** Failing to maintain attention while driving;

**43.6.** Failing to make an appropriately wide turn;

**43.7.** Failing to appropriately manage the space around his commercial motor vehicle; and

**43.8.** Failing to operate the commercial motor vehicle the way a prudent truck driver would have under the same or similar circumstances or doing that which a truck driver of ordinary prudence would not have done under the same or similar circumstances.

**44.** Defendant Cavic's negligent conduct violated laws intended to protect and prevent crashes with people like Plaintiffs.

**45.** Each of these acts and omissions, whether taken singularly or in combination, constitute a direct and proximate cause of Plaintiffs' injuries and damages.

**46.** These acts or omissions, when viewed objectively from Defendant Cavic's standpoint at the time they occurred, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others.

**47.** Defendant Cavic had actual, subjective awareness of the risks but proceeded with conscious indifference to the rights, safety, and welfare of others.

## COUNT 2 – VICARIOUS LIABILITY

**48.** Plaintiffs incorporate ¶¶12-47 as though fully set out herein.

**49.** At all times relevant, Defendant Cavic was an agent, servant and/or employee of Defendant Reload and was acting within the scope of authority and for the benefit of Defendant Reload.

50. As a result, Defendant Reload is liable for Defendant Cavic's negligent actions and inactions under the doctrine of *respondeat superior* and/or the statutory employment doctrine.

## COUNT 3 – RELOAD'S NEGLGIENCE

51. Plaintiffs incorporate ¶¶12-50 as though fully set out herein.

52. At all times relevant, Defendant Reload had a non-delegable duty to ensure that its drivers and vehicles were reasonably safe and complied with all laws and industry standards concerning the safe operation and maintenance of its commercial motor vehicles that Defendant Reload may have breached in one or more of, but not limited to, the following ways:

    52.1. Failing to determine whether Defendant Cavic was competent to be hired;

    52.2. Failing to adequately supervise Defendant Cavic;

    52.3. Failing to adequately monitor Defendant Cavic;

    52.4. Failing to adequately train Defendant Cavic;

    52.5. Failing to remain knowledgeable about Defendant Cavic's competence and fitness to operate a commercial motor vehicle;

    52.6. Entrusting a commercial motor vehicle to Defendant Cavic when it knew or should have known he was a reckless or incompetent driver;

    52.7. Failing to have adequate policies and procedures to ensure the same operation of its commercial motor vehicles;

    52.8. Failing to audit driver logs for hours-of-service violations; and

52.9. Failing to promote and enforce systems and procedures for the safe operation of commercial motor vehicles and thus, creating a zone and culture of risk that constituted a dangerous mode of operation reasonably anticipated to cause injury and/or death to the public, including Plaintiffs.

53. Defendant Reload's negligent conduct also violated laws intended to protect and prevent crashes with people like Plaintiffs.

54. Each of these acts and omissions, whether taken singularly or in combination, constitute a direct and proximate cause of Plaintiffs' injuries and damages.

55. These acts or omissions, when viewed objectively from Defendant Reload's standpoint at the time they occurred, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others.

56. Defendant Reload had actual, subjective awareness of the risks but proceeded with conscious indifference to the rights, safety, and welfare of others.

## DAMAGES

57. As a direct and proximate result of Defendant Reload's and Defendant Cavic's wrongful acts and/or omissions described above, Plaintiffs have suffered and continue to suffer severe injuries.

58. Plaintiff Flores seeks the following damages:

    58.1. Medical expenses in the past and future;

    58.2. Loss of earning capacity in the future;

    58.3. Physical impairment in the past and future;

    58.4. Physical pain and mental anguish in the past and future; and

**58.5.** Exemplary damages.

**59.** Plaintiff Pena seeks the following damages:

**59.1.** Medical expenses in the past and future;

**59.2.** Loss of earning capacity in the future;

**59.3.** Physical impairment in the past and future;

**59.4.** Physical pain and mental anguish in the past and future; and

**59.5.** Exemplary damages.

**60.** Plaintiffs seek damages in an amount within the jurisdictional limits of the Court.

## JURY DEMAND

**61.** Plaintiffs demanded a jury trial in state court prior to removal.

## PRAYER

**62.** For these reasons, Plaintiffs ask for judgment against Defendant Reload and Defendant Cavic for the following:

**62.1.** Actual damages;

**62.2.** Pre-judgment and post-judgment interest;

**62.3.** Court costs;

**62.4.** Exemplary damages; and

**62.5.** All other relief the Court deems appropriate.

Respectfully submitted,

By: /s/ Jacob S. Leibowitz
Jacob S. Leibowitz
Attorney-In-Charge
Texas Bar No. 24066930
SDTX ID No. 3544847
517 Soledad Street
San Antonio, Texas 78205
T (210) 201-2005
F (888) 321-7977
E jacob@leibolaw.com

**ATTORNEY IN CHARGE FOR PLAINTIFFS, JULIO FLORES AND GLORIA PENA**

# CERTIFICATE OF SERVICE

I certify that on January 30, 2023, a copy of Plaintiffs' First Amended Complaint was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing.

| **VIA CM/ECF AND EMAIL** | **VIA CM/ECF AND EMAIL** |
|---|---|
| Matthew A. Ford | Adam Crawshaw |
| LAW OFFICE OF MATTHEW A. FORD | THE CRAWSHAW LAW FIRM, PLLC |
| 1301 Solana Boulevard | 321 South Flores Street |
| Suite 2100 | San Antonio, Texas 78204 |
| Westlake, Texas 76262 | T (210) 595-1553 |
| T/F (817) 865-1953 | F (210) 200-6403 |
| matthew@principledclaims.com | adam@crawshawlaw.com |
| **LEAD COUNSEL FOR DEFENDANTS RELOAD TRANSPORT, INC. AND DANILO CAVIC** | **CO-COUNSEL FOR DEFENDANTS RELOAD TRANSPORT, INC. AND DANILO CAVIC** |

By: _____
Jacob S. Leibowitz